## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLIFTON G. SWIGER          : CIVIL ACTION
                           :
        vs.                :
                           : NO. 05-CV-5725
ALLEGHENY ENERGY, INC.,    :
ALLEGHENY ENERGY SUPPLY CO., :
LLC, ALLEGHENY ENERGY SERVICE :
CORP., and MORGAN, LEWIS &  :
BOCKIUS                    :


## MEMORANDUM AND ORDER


JOYNER, J.                                    May 18, 2006


        This civil action has been brought before the Court on

Motion of the Defendant, Morgan, Lewis & Bockius to Dismiss the

Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack

of subject matter jurisdiction.[1]  For the reasons which follow,

we shall stay the proceedings in this matter to enable discovery

to be taken into the jurisdictional issues raised by the

defendants' motion.

## Factual Background

        From July 1, 1987 until December 10, 2003, Plaintiff Clifton

Swiger was employed by Allegheny Energy Service Corp. as an

Engineering Technician at the Rivesville Power Station in

---

        [1]  Although they do not specifically challenge the Court's diversity
jurisdiction over them, Allegheny Energy, Inc., Allegheny Energy Supply Co.,
LLC and Allegheny Energy Service Corp., (hereafter the "Allegheny Energy
Defendants") join in Morgan, Lewis' motion for dismissal.

Rivesville, W.Va.  Plaintiff is and at all times relevant has
been a West Virginia citizen, residing in Fairview, West
Virginia.  Defendant Allegheny Energy, Inc. and Allegheny Energy
Service Corp. are Maryland corporations with their principal
places of business in Greensburg, Pennsylvania; Allegheny Energy
Supply Co. is a Delaware limited liability corporation with its
principal place of business in Monroeville, Pennsylvania.
Morgan, Lewis & Bockius is a limited liability partnership
registered in Pennsylvania with its principal place of business
in Philadelphia, Pennsylvania.

    According to the complaint in this matter, on July 23, 2003
Plaintiff posted an anonymous message on the Yahoo! World Wide
Web portal message board devoted to Allegheny Energy from his
home computer on his own time using a Yahoo! account which he
shared with his wife.  Prior to posting on its message boards,
Yahoo! requires users to fill out an online registration form,
which asks users to select a unique Yahoo! ID and to enter
personal information such as their first and last names, birth
date, zip code and email address.  Yahoo! also allows users to
choose a nickname to identify themselves when posting messages
and most users post their messages using these nicknames, which
do not reveal their true identities.  Yahoo! further requires
that all new users agree to its privacy policy whereby Yahoo!
agrees not to share personal information with other people or

non-affiliated companies except under certain limited
circumstances.  Not surprisingly, many of the comments posted on
the message boards are opinionated, caustic and derogatory in
nature.  Likewise, the message which Plaintiff posted on the
Allegheny Energy message board was rather obnoxious in tone and
highly critical of Allegheny Energy's management in general and
its diversity program in particular.   Mr. Swiger did not
identify himself in his message, but used the nickname "ayeyawn."
He did, however, indicate that he worked for Allegheny Energy,
that he was a non-exempt employee and that he had "a lot of years
under my belt."

        Several months later, on October 16, 2003, attorneys Steven
Wall and Joseph Frabizzio who worked for Morgan, Lewis & Bockius
in its Philadelphia office, commenced an action on behalf of
Allegheny Energy, Inc. in the Court of Common Pleas of
Philadelphia County by filing a Praecipe for Writ of Summons
against "John Doe," identifying as the case type that it was an
action in tort for breach of fiduciary duty and breach of the
duty of loyalty.  That same day, Messrs. Wall and Frabizzio also
filed with that Court an "Emergency Motion for Issuance of a
Commission Directing the Issuance of a Subpoena Duces Tecum
Outside the Commonwealth of Pennsylvania" to procure a subpoena
to the Yahoo! Custodian of Records and alleging as the grounds
therefor that "[b]ased on the content of the messages, it is

apparent that the defendant is an employee of plaintiff and may
be a high-ranking employee."  The Philadelphia County Court of
Common Pleas thereupon granted the motion, issued a commission
and Brian L. Johnsrud, an attorney in Morgan Lewis' Palo Alto,
California office obtained a subpoena from the Santa Clara County
California Superior Court directed to Yahoo! directing its
Records Custodian to disgorge all documents in its possession
regarding the identity, whereabouts, and records of the
plaintiff.  Yahoo! apparently sufficiently complied with this
subpoena, on November 25, 2003, Messrs. Wall and Frabizzio
discontinued the underlying action in the Philadelphia County
court and on December 10, 2003, Plaintiff was terminated from his
employment "for placing a racially derogatory posting on the
Yahoo! message board in violation of Allegheny Energy's Positive
Work Environment expectations..."

     On October 28, 2005, Plaintiff commenced this action under
the state and common law theories of abuse of process, wrongful
use of civil proceedings, invasion of privacy and wrongful
discharge, predicating jurisdiction on diversity of citizenship.
Morgan Lewis now moves for dismissal of this action in its
entirety and with prejudice on the grounds that it is not subject
to diversity jurisdiction in this Court under 28 U.S.C. §1332(a)
because it is not a citizen of *any* domestic or foreign state.  As
noted, the Allegheny Energy defendants join in the request for

4

dismissal on the basis of lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

## Standards Governing Rule 12(b)(1) Motions

Federal courts are courts of limited jurisdiction. <u>Kokkonen v. Guardian Life Insurance Co. Of America</u>, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  Subject matter jurisdiction is conferred where the parties are from different states, that is, diverse, and the amount in controversy exceeds $75,000 and also when a federal question is presented. <u>Malarik v. Dinunno Enterprises, Inc.</u>, 157 Fed. Appx. 536, 537, 2005 U.S. App. LEXIS 27300 (3d Cir. Dec. 14, 2005) citing 28 U.S.C. §§1331, 1332. It is well established that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" <u>S. Freedman and Co. v. Raab</u>, No. 05-1138, 2006 U.S. App. LEXIS 11611 at *9-*10 (3d Cir. May 10, 2006), citing 5 C. Wright & and A. Miller, *Federal Practice and Procedure §*1206, at 78-79 (1969 & Supp. 2005) (citations omitted).

Challenges to subject matter jurisdiction under Rule 12(b)(1) may be either "facial" or "factual;" facial attacks contest the sufficiency of the pleadings and the trial court must accept the complaint's allegations as true. <u>Gallenthin Realty Development, Inc. v. B.P. Products of North America</u>, 163 Fed. Appx. 146, 149, 2006 U.S. App. LEXIS 1722 at *7 (3d Cir. Jan. 24,

2006).  By contrast, "a 'factual' attack asserts that
jurisdiction is lacking on the basis of facts outside of the
pleadings." Fields v. Pennsylvania Department of Corrections,
Civ. A. No. 05-5897, 2006 U.S. Dist. LEXIS 27727 at *3 (E.D.Pa.
2006), quoting Smolow v. Hafer, 353 F.Supp.2d 561, 566 (E.D.Pa.
2005) citing Mortensen v. First Federal Savings & Loan,
Association, 549 F.2d 884, 891 (3d Cir. 1977).  In reviewing a
factual attack then, the court may consider evidence outside the
pleadings. Gould Electronics, Inc. v. United States, 220 F.3d
169, 176 (3d Cir. 2000).  On a motion to dismiss under Rule
12(b)(1), it is the plaintiff who has the burden to show
jurisdiction. Oshiver v. Levin, Fishbein, Sedran & Berman, 910
F.Supp. 225, 227 (E.D.Pa.), aff'd, 96 F.3d 1434 (3d Cir. 1996)
(unpublished).

## Discussion

Diversity jurisdiction is provided for in 28 U.S.C. §1332,
which provides the following in relevant part:

> **(a)** The district courts shall have original jurisdiction of
> all civil actions where the matter in controversy exceeds
> the sum or value of $75,000, exclusive of interest and
> costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a
> foreign state;
>
> (3) citizens of different States and in which citizens
> or subjects of a foreign state are additional parties;
> and

6

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 U.S.C. §1332(a).

It is well settled that a case falls within the federal court's "original" diversity "jurisdiction" only if diversity is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same state. <u>Wisconsin Department of Corrections v. Schacht</u>, 524 U.S. 381, 388, 119 S.Ct. 2047, 2052, 141 L.Ed.2d 364, 372 (1998); <u>Strawbridge v. Curtiss</u>, 3 Cranch 267, 2 L.Ed.435 (1806).  It is further clear that diversity of citizenship is determined as of the time the complaint was filed and may not be destroyed by virtue of subsequent events.  <u>Grupo-Dataflux v. Atlas Global Group, L.P.</u>, ___U.S.___, 124 S.Ct. 1920, 1926 (2004); <u>Freeport-McMoRan, Inc. v. K N Energy, Inc.</u>, 498 U.S. 426, 428, 111 S.Ct. 858, 859, 112 L.Ed.2d 951 (1991).

As noted previously, Morgan Lewis here argues that because it has four partners who, though U.S. citizens, reside overseas and staff their London and Tokyo offices, it is not a citizen of **any** domestic or foreign state for diversity purposes.  Hence, Defendants assert that this Court lacks subject matter jurisdiction over this case and it should be dismissed with prejudice.

While a corporation is deemed to be a citizen of any State in which it has been incorporated and the State in which it has its principal place of business, the citizenship of non-incorporated associations, including general and limited partnerships is that of each state of citizenship of each partner, both general and limited.  <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 195-196, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990); <u>Techstar Investment Partnership v. Lawson</u>, Civ. A. No. 94-6279, 1995 U.S. Dist. LEXIS 18424 at *6 (E.D.Pa. Dec. 11, 1995); 28 U.S.C. §1332(c)(1).  Although the Third Circuit has yet to address this issue directly, it has been held that a United States citizen who is not domiciled in one of the United States cannot invoke federal jurisdiction under §1332(a)(1).  <u>Brooks v. Girois</u>, Civ. A. No. 03-3260, 2003 U.S. Dist. LEXIS 14051 at * (E.D.Pa. Aug. 11, 2003), citing, *inter alia*, <u>Newman-Green, Inc. V. Alfonzo-Larrain</u>, 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) .  <u>See Also</u>, <u>Herrick Co., Inc. v. SCS Communications, Inc.</u>, 251 F.3d 315, 322 (2d Cir. 2001)("...if Skadden has among its partners any U.S. citizens who are domiciled abroad, then Skadden and Herrick, which is a citizen of Florida are non-diverse") and <u>Creswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 69 (2d Cir. 1990)("If in fact any of S & C's foreign-residing United States citizen partners are domiciled abroad, a diversity suit could not be brought against them

8

individually; in that circumstance, since for diversity purposes a partnership is deemed to take on the citizenship of each of its partners").

Generally speaking, the citizenship of an individual is the state of his domicile; that is, the state in which a person "has his true, fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." <u>Techstar</u>, <u>supra</u>., quoting *inter alia*, <u>Michelson v. Exxon Research and Engineering Co.</u>, 578 F.Supp. 289, 290 (W.D.Pa), *aff'd* 745 F.2d 47 (3d Cir. 1984). Citizenship is not necessarily lost by protracted absence from home, where the intention to return remains. <u>Liakakos v. Cigna Corporation</u>, 704 F.Supp. 583, 586 (E.D.Pa. 1988). Similarly, absence from one's domicile because of overseas employment does not constitute a change of domicile. <u>Id.</u> There is a presumption in favor of the old domicile and the party asserting a change in domicile must do so by clear and convincing evidence. <u>Blackwood, Inc. v. Ventresca</u>, Civ. A. No. 00-3112, 2002 U.S. Dist. LEXIS 24745 at *23 (E.D.Pa. Dec. 19, 2002). The effect of the presumption of prior domicile does not change the burden of proof but merely shifts the burden of production onto the party attacking jurisdiction and once the attacker comes forward with evidence that the domicile has changed, the burden shifts back to the party asserting jurisdiction. <u>Liakakos</u>, <u>supra</u>. An allegation of

9

residence alone does not properly allege facts to establish
citizenship.  Ventresca, 2002 U.S. Dist. LEXIS at *24; Techstar,
1995 U.S. Dist. LEXIS at *7.  Rather, in determining domicile, a
court may consider a variety of factors including voting
registration and voting practice, location of personal and real
property, location of brokerage and bank accounts, location of
spouse and family, residence claimed for tax purposes, place of
employment or business, drivers' license and automobile
registration, payment of taxes, designations in wills and other
legal documents of considered citizenship.  See, McCracken v.
Murphy, 129 Fed. Appx. 701, 702, 2005 U.S. App. LEXIS 7557 (3d
Cir. April 29, 2005); Ventresca, 2002 U.S. Dist. LEXIS at *22;
Liakakos, 704 F.Supp. at 587.

    In this case, Defendant has attached copies of its personnel
listings from its web site indicating that Charles Lubar, Rachel
Gonzalez, Gregory Salathe and John Sasaki are all Morgan Lewis
partners in its offices in London, England and Tokyo, Japan.  In
addition, Defendant relies on the Declaration of one Claire
D'Agostino, who identifies herself as an Assistant Counsel to the
law firm who has personal knowledge regarding the partners of
Morgan Lewis who reside and work overseas.  Ms. D'Agostino avers
that each of these individuals maintains their sole residences
overseas and none have any immediate plans to return to the U.S.
to live on a permanent basis, although all are subject to

10

taxation in this country, no doubt by virtue of their status as partners in the subject law firm.

This evidence is, we find, insufficient to determine the matter of these partners' domiciles and insufficient to shift the burden to produce evidence that these individuals are permanently domiciled in locales other than Maryland, New York and California back onto the plaintiff.  Given that it is the general rule in the Third Circuit that jurisdictional discovery should be allowed unless the plaintiff's claim is clearly frivolous, we flatly reject the defendants' argument that no jurisdictional discovery is necessary and that this matter should be dismissed with prejudice.[2]  See, e.g., Massachusetts School of Law at Andover v. American Bar Association, 107 F.3d 1026, 1042 (3d Cir. 1997). For this reason, we find that a stay of all other proceedings in this matter for a period of sixty (60) days is appropriate to permit the parties to engage in discovery (i.e., exchange of interrogatories, documents requests, taking of depositions, etc.) into where the four Morgan Lewis partners at issue are domiciled.

An order follows.

---

[2]  Indeed, under 42 Pa.C.S. §5103(b), it appears that it would be appropriate to transfer this action to the Court of Common Pleas of Philadelphia County.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
CLIFTON G. SWIGER            : CIVIL ACTION
                             :
        vs.                  :
                             : NO. 05-CV-5725
ALLEGHENY ENERGY, INC.,      :
ALLEGHENY ENERGY SUPPLY CO., :
LLC, ALLEGHENY ENERGY SERVICE :
CORP., and MORGAN, LEWIS &   :
BOCKIUS                      :
```

## ORDER

AND NOW, this   18th    day of May 2006, upon
consideration of Defendants' Motion to Dismiss Plaintiff's
Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and Plaintiff's
Response thereto, and it appearing to the Court that further
information is necessary to resolve Defendants' Motion, it is
hereby ORDERED that the Motion is STAYED for a period of sixty
(60) days from the entry date of this Order to permit the parties
to take discovery into the issue of the citizenship, residency
and domicile of all of the partners of Morgan Lewis & Bockius who
are presently resident in its offices in foreign countries.

                              BY THE COURT:



                              s/J. Curtis Joyner
                              J. CURTIS JOYNER,         J.

                    12